IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LARRY DALE BAKER                                                                                     PLAINTIFF

vs.                                              Civil No. 4:10-cv-04074

MICHAEL J. ASTRUE                                                                                  DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

    Larry Dale Baker ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Disability Insurance Benefits ("DIB") and a period of disability under Title II the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 4.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

    Plaintiff protectively filed his DIB application on August 29, 2007.  (Tr. 9, 92-96).  In his application, Plaintiff alleged he was disabled due to problems with his knees and shoulders.  (Tr. 118).  Plaintiff alleged an onset date of July 25, 2007.  (Tr. 92).  This application was denied initially and again upon reconsideration.  (Tr. 54-55).

    Thereafter, Plaintiff requested an administrative hearing on his application, and this hearing

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

1

request was granted. (Tr. 64-90). An administrative hearing was held on June 4, 2009 in Texarkana, Arkansas. (Tr. 27-53). Plaintiff was present and was represented by counsel, James C. Wiley, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Donald Mark testified at this hearing. *Id.* On the date of this hearing, Plaintiff was forty-seven (47) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had completed high school. (Tr. 31).

On August 28, 2009, the ALJ entered an unfavorable decision on Plaintiff's DIB application. (Tr. 9-18). In this decision, the ALJ determined Plaintiff met the disability insured status requirements of the Act through December 31, 2012. (Tr. 11, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since July 25, 2007. (Tr. 11, Finding 2). The ALJ determined Plaintiff had the following severe impairments: bilateral osteoarthritis of the knees with history of surgical intervention and history of bilateral shoulder surgery. (Tr. 11-13, Finding 3). The ALJ also determined none of Plaintiff's impairments, singularly or in combination, met the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 13, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 13-16, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and determined they were not credible to the extent he alleged disabling limitations. (Tr. 13-16). Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to: perform sedentary and light work as defined in 20 CFR 404.1567(a) and (b) but walk no more than 4 hours in an 8-hour workday; lift/carry 20 pounds occasionally and 10 pounds frequently; perform stooping crouching, crawling, kneeling, and significant bending only 20 percent of the day or less; perform occasional overhead reaching only to the level of the head; perform no work at heights or hazards; and perform no climbing of stairs, ramps, ropes, ladders, or scaffolds.

(Tr. 13-16, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 16, Finding 6). The ALJ determined Plaintiff's only PRW was as a tire builder (semiskilled, medium). *Id.* Based upon his RFC, the ALJ determined Plaintiff would be unable to perform his PRW. *Id.* The ALJ did, however, find Plaintiff retained the ability to perform other work existing in significant numbers in the national economy. (Tr. 17, Finding 10). The ALJ based this finding upon the testimony of the VE. *Id.* Specifically, the VE testified in response to a hypothetical question from the ALJ that an individual with Plaintiff's limitations retained the ability to perform other sedentary work such as surveillance system monitor with 15,000 jobs in the regional economy and 80,000 jobs in the national economy; food and beverage order clerk with 10,000 jobs in the regional economy and 110,000 jobs in the national economy; and change account clerk with 20,000 jobs in the regional economy and 100,000 jobs in the national economy. *Id.* The ALJ then determined Plaintiff had not been under a disability, as defined by the Act, from July 25, 2007 through the date of his decision or through August 28, 2009. (Tr. 17, Finding 11).

Subsequent to the ALJ's decision, on September 8, 2009, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 4-5). *See* 20 C.F.R. § 404.968. On May 15, 2010, the Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On June 1, 2010, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on June 16, 2010. ECF No. 4. Both Parties have filed appeal briefs. ECF Nos. 9-10. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's

findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)©. A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged

in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In his appeal brief, Plaintiff claims the ALJ's unfavorable disability determination is not supported by substantial evidence in the record. ECF No. 9. Specifically, Plaintiff claims the following: (1) the ALJ gave a defective hypothetical to the VE which did not include all of his limitations; (2) the ALJ improperly evaluated his RFC; and (3) the ALJ improperly evaluated his subjective complaints. Because this Court finds the ALJ improperly assessed Plaintiff's RFC, this Court will only address his second argument for reversal.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should also consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of

treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The plaintiff has the burden of producing documents to support his or her claimed RFC. *See Cox*, 160 F.3d at1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring that there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports its RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In the present action, Plaintiff claims the ALJ's RFC determination that he can "perform stooping [,] crouching, crawling, kneeling, and significant bending only 20 percent of the day or less" is not supported by substantial evidence in the record. ECF No. 9 at 6. Plaintiff notes that this twenty percent can be up to approximately 1 ½ hours in an eight-hour day. *Id.* Plaintiff claims he cannot perform these activities at this rate because of his persistent knee pain. *Id.* Plaintiff also claims that his medical records provide no support for the ALJ's assessment of his ability to perform these activities. *Id.* Upon review, this Court finds Plaintiffs argument on this issue is merited.

Plaintiff's medical records demonstrate that he has undergone two knee surgeries, one for his right knee and one for his left knee.[2] In January of 2007, Plaintiff underwent left knee arthroscopic surgery to repair a torn meniscus following a workplace injury. (Tr. 270-284). This surgery was performed by Dr. Thomas C. Young, M.D. *Id.* On April 4, 2007, Plaintiff saw Dr. Young during a

---

[2] It appears his right knee surgery was performed in 1992, well before his alleged onset date. (Tr. 293).

6

follow-up appointment from his knee surgery. (Tr. 295). Dr. Young found Plaintiff could return to some type of sedentary work for two weeks and then progress to "light tire building." *Id.* On May 7, 2007, Dr. Young released Plaintiff to light tire building, and on May 30, 2007, Dr. Young found Plaintiff was "back doing full duties at Cooper, full tire building." (Tr. 295).

However, on July 25, 2007, Plaintiff saw Dr. Young for continued complaints of left knee pain as well as recent complaints of "some discomfort in his right knee" for the past two or three weeks. (Tr. 294). During this appointment, Dr. Young stated he suspected Plaintiff had osteoarthritis in both knees. *Id.* Dr. Young also found Plaintiff would have continued problems with his knees if he remained working in a very physically demanding capacity at Cooper Tire. *Id.* Dr. Young found Plaintiff "will have probably a permanent disability in some fashion or another" due to his impairments. *Id.* Dr. Young also found Plaintiff could not perform his current job as a tire builder due to his impairments. *Id.*

On August 6, 2007, Plaintiff saw Dr. Young again for his right knee pain. (Tr. 293). Dr. Young evaluated Plaintiff's MRI results and found he had some "fairly significant degenerative changes." *Id.* Dr. Young also found the following: "I think probably over time this knee has just worn and is now arthritic." *Id.* Dr. Young found Plaintiff could not return to his job. *Id.* Thereafter, on October 9, 2007, Dr. Young again noted that Plaintiff suffered from right knee pain, had "fairly significant degenerative changes," and "has some hypertrophic enlargement consistent with some osteoarthritis." *Id.* Dr. Young also found, however, that he did "not think there is anything that can be done about it [the knee pain] acutely" and suggested Plaintiff take over-the-counter anti-inflammatories. *Id.* Plaintiff's subsequent treatment records on both November 19, 2008 and March 13, 2009 reflect that he continued to suffer from marked bilateral knee pain. (Tr. 318, 321).

Plaintiff's medical records also reflect that he received knee pain injections which only allowed him to function "with more reasonable level of pain." (Tr. 317).

Based upon this review, Plaintiff's medical records consistently reflect that he suffers from severe bilateral knee pain. Despite these records, however, the ALJ still found Plaintiff would be able to "perform stooping [,] crouching, crawling, kneeling, and significant bending" up to approximately ninety minutes in an eight-hour day. (Tr. 13, Finding 5). After reviewing the ALJ's disability determination and the record in this case, this Court finds the ALJ has no basis for such a finding. Indeed, Plaintiff's medical records indicate that he would have extreme difficulty with stooping, crouching, crawling, kneeling, and significant bending, especially for up to ninety minutes in a work-day. Thus, this Court finds the ALJ's RFC determination is not supported by the evidence in the record, and this case must be reversed and remanded for further evaluation of Plaintiff's RFC.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 1st day of July, 2011.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE